# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| George Artem<br>*Plaintiff*<br>-v-<br><br>New England Law \| Boston, Scott Brown in his official capacity as President and Dean<br>*Defendant(s)* | Case _____ |

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2021 JUN 11  PM 12: 01

## COMPLAINT

### I. Parties

Plaintiff, Mr. George Artem is a citizen of Washington State, a student at New England Law | Boston, enrolled under an unconditional scholarship, and a contract employee with the Commonwealth of Massachusetts Executive Office of Health & Human Services.

Defendant, New England Law | Boston is a private law school incorporated in Massachusetts with its principal place of business in Boston, MA 02241. Scott Brown acts in an official capacity as President and Dean of New England Law | Boston.

### II. Basis for Jurisdiction

This Court has jurisdiction under Article III of the Constitution of the United States and pursuant to 28 U.S. Code § 1331 and 28 U.S. Code § 1332.

## III. Statement of the Claim

1. On or about January 15, 2020, New England Law | Boston Chief Enrollment Officer offered Mr. Artem the Sandra Day O'Connor Scholarship, covering full tuition worth more than $152,000 with a "no strings attached" policy.

2. Per the conditions of the initial offer, Mr. Artem applied to New England Law | Boston, on or about January 19, 2020, and was offered admission and the Sandra Day O'Connor Scholarship on January 28, 2020.

3. On or about April 9, 2020, Mr. Artem submitted a seat deposit to reserve his place in New England Law | Boston's class of 2024.

4. In significant reliance on the offer and acceptance of the unconditional Sandra Day O'Connor scholarship, Mr. Artem moved across the country from Seattle, WA to Boston, MA in the Summer of 2020 to attend New England Law | Boston.

5. Mr. Artem attended the first year of law school in the defendant's evening program in order for him to be able to support himself with a full-time job during the day.

6. Over the course of Mr. Artem's first year, defendant introduced conditions of attendance of in person course offerings including social distancing, mask and face covering requirements, bi-weekly PCR testing, and ConvenientMD health information screening requirements for entry to the building where courses were offered.

7. Defendant, not having announced a policy concerning the requirement of emergency use authorized Sars-Cov-2, COVID-19 experimental mRNA injections for return to campus in the Fall of 2021; on May 14, 2021, Mr. Artem requested ethical, philosophical, or religious exemptions to any Sars-CoV-2, COVID-19 requirements that may be part of the defendant's return to campus policy.

8. On May 25, 2021, Mr. Artem sent defendant an email, urging defendant to act in the best interest of the New England Law | Boston student body, and to advise students of their right to refuse the experimental mRNA, Sars-CoV-2, COVID-19 injections.

9. On May 28, 2021, defendant announced a discriminatory revised testing and social distancing policy, requiring proof of experimental mRNA injection, effectively requiring Mr. Artem to wear a mask, comply with the previous PCR testing policy and socially distance while on campus, thereby repudiating its promise to Mr. Artem that his scholarship would be unconditional, amounting to intimidation, medical discrimination, disregard for informed consent by omission, and breach of contract.

10. On June 1, 2021, Mr. Artem sent defendant an email, urging defendant to retract its policy and act in the best interest of the New England Law | Boston student body, to affirmatively advise students of their rights to refuse emergency use authorized mRNA Sars-CoV-2, COVID-19 experimental injections and any additional experimental treatments or devices.

11. On June 3, 2021, Mr. Artem again requested defendant to retract or modify its policy per his June 1st email.

12. On June 7, 2021, Mr. Artem again advised defendant that there are indeed still many unknown risks related to the experimental mRNA injections including the possibility of antibody dependent enhancement, reproductive and autoimmune risks, and spike protein toxicity and urged defendant to retract their policy and affirmatively advise students of their right to reject experimental mRNA injections.

13. On June 11, 2021, after not having received any acknowledgement, or having heard from the defendant, Mr. Artem filed this compliant.

## IV.     Relief

Mr. George Artem requests a preliminary injunction on the defendant's discriminatory and unlawful revised testing and social distancing policy as part of its return to campus policy for the Fall of 2021.

In the alternative, Mr. Artem requests relief from damages associated with his reliance on and expectation of his contract with the defendant, and the defendant's repudiation including but not limited to any tuition costs associated with attaining the degree of juris doctor in as much as was awarded under the unconditional Sandra Day O'Connor scholarship, relocation costs and lost wages associated with lost employment resultant from relocation.

## V.     Certification

I certify that the contents of this complaint, to the best of my knowledge, information, and belief, is compliant with the Federal Rules of Civil Procedure.

June 11th, 2021

//S//

George Artem

Pro Se
38 Grove Street #B
Boston, MA 02114
206.953.6231
georgeartem1@outlook.com

## CERTIFICATE OF SERVICE

I certify that on the 11th day of June 2021, service was made of a copy of the foregoing Complaint by United States Registered Mail and e-mail on New England Law | Boston and Scott Brown in his official capacity as President and Dean at 154 Stuart Street, Boston, MA 02116.

June 11th, 2021

//S//

George Artem

Pro Se
38 Grove Street #B
Boston, MA 02114
206.953.6231
georgeartem1@outlook.com