UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE ARTEM, <br><br> Plaintiff, <br><br> v. <br><br> NEW ENGLAND LAW \| BOSTON and SCOTT BROWN, in his official capacity as President and Dean, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-cv-10981-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), Defendants New England Law | Boston ("New England Law") and Scott Brown, in his official capacity as President and Dean of New England Law, ("Dean Brown"), through their undersigned counsel, hereby move this Honorable Court to dismiss Plaintiff George Artem's ("Mr. Artem") complaint (ECF No. 1) (the "Complaint") in its entirety. As grounds for this Motion, New England Law and Dean Brown state as follows:

This is another in a string of lawsuits brought by students challenging policies implemented by colleges, universities, and other institutions of higher education designed to respond to the global COVID-19 pandemic while continuing to provide students excellent education. Here, Mr. Artem[1] seeks to challenge New England Law's precautions against the spread of the virus within

---

[1] While Mr. Artem is not represented by an attorney in this action, he is no ordinary *pro se* litigant. In fact, he has a long history of *pro se* litigation. *See North Dakota v. Artem*, No. 1:17-cr-059, 2017 WL 921843 (D.N.D. Mar. 8, 2017) (remanding to state court Mr. Artem's prosecution for criminal trespass following his attempt to remove prosecution to federal court); *Artem v. North Dakota*, No. C17-0798RSM, 2017 WL 11553485 (D. Wash. Jul. 10, 2017) (dismissing complaint seeking "federal intervention into an ongoing state criminal dispute" concerning criminal charges pending in North Dakota against Mr. Artem); *Artem v. King Cnty. Dep't. of Adult & Juvenile Detention*, 8

its community: first, New England Law's penultimate policy (announced in late May 2021), which mandated masking and social distancing for all students, faculty, and staff on campus who have not been vaccinated against COVID-19, and second, its current policy (announced in late June 2021), which mandates students returning to campus must be vaccinated, unless the student receives an exemption on medical or religious grounds.[2]

Only one cause of action – breach of contract – is readily discernable from Mr. Artem's Complaint. His claim seems to be that New England Law's COVID-19 precautions breach the terms of a scholarship Mr. Artem contends was "unconditional." This claim fails as a matter of law. First, in accepting the scholarship, Mr. Artem explicitly agreed to stipulations and requirements, including that he would abide by New England Law's policies. Second, Mr. Artem separately and explicitly agreed in writing to abide by New England Law's COVID-19 policy, which he was on notice would be updated as information became available and new guidance from authorities issued. Third, New England Law has the legal right to implement policies to protect the health and safety of the entire New England Law community – up to and including mandating masking, social distancing, and/or COVID-19 vaccination. Mr. Artem cannot make a colorable breach of contract claim, and so his Complaint should be dismissed.

---

Wash. App. 2d 1046 (2019) (affirming dismissal of complaint alleging $150 million in damages from psychiatric treatment provided by the State of Washington following Mr. Artem's arrest for attempted second-degree kidnapping of an eight-year-old girl, *rev. denied*, 193 Wash. 2d 1038 (Wash. 2019), *cert. denied*, 140 S. Ct. 1123 (2020).

[2] Mr. Artem's Complaint, which he has not amended, does not reference New England Law's current policy (requiring vaccination), however, his Amended Motion for Injunctive Relief (ECF No. 9), challenges this new policy along with New England Law's prior policy. For this reason, New England Law addresses his challenges to both policies in its motion – in any event, the outcome is the same: Mr. Artem has no viable cause of action.

105728\000028\3845468

The remainder of Mr. Artem's Complaint leaves New England Law and Dean Brown[3] (and the Court) to guess as to the nature of his claims. This, itself, merits dismissal under Fed. R. Civ. P. 8(a)(2). Further, as explained in Defendants' Memorandum in Support, Mr. Artem's references in his Complaint to discrimination and "disregard of informed consent by omission" do not state or even allude to viable legal claims.

On June 25, 2021, Mr. Artem filed a Petition for Injunctive Relief (ECF No. 8) (the "Petition") and, on July 2, 2021, Mr. Artem filed an Amended Motion for Injunctive Relief (ECF No. 9) both of which seem to supplement his Complaint with the assertion of constitutional claims under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. He also at least references Title IX. These claims, even if they were stated in Mr. Artem's Complaint, likewise fail. With respect to the Fourth, Fifth, and Fourteenth Amendments, New England Law is not a state actor or acting under color of state law, and so Mr. Artem cannot state those constitutional claims against it – a point Mr. Artem seems to concede. With respect to Title IX, nowhere does Mr. Artem allege that he is being subject to discrimination based on his sex. Indeed, the purported discrimination he alleges relates to his vaccination status and/or his willingness to wear a mask and social distance. This is far outside the purview of Title IX.

Because the Complaint, as supplemented by the Petition, does not state a legally cognizable claim, it should be dismissed.

WHEREFORE, and as explained further in the concurrently filed Memorandum in Support, Defendants New England Law | Boston and Scott Brown, in his official capacity as

---

[3] Mr. Artem does not make any allegations or state any claims against Dean Brown that are separate from those against New England Law. Because the Complaint fails against New England Law, it similarly fails against Dean Brown.

President and Dean of New England Law | Boston, respectfully request that this Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies that, on Wednesday, June 30, 2021, he and Michael Thompson, both counsel for the Defendants, conferred telephonically with Plaintiff George Artem in advance of the filing of this motion. Despite their good faith attempt, the parties were unable to resolve or narrow the issues presented in this motion.

Respectfully submitted,

NEW ENGLAND LAW | BOSTON and
SCOTT BROWN, in his official capacity as
President and Dean,

By their attorneys,

    */s/ Daniel S. Tarlow*
Walter B. Prince (BBO # 406640)
Daniel S. Tarlow (BBO # 552920)
Laurie F. Rubin (BBO # 564947)
Michael Thompson (BBO # 673497)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
T: 617-456-8000
F: 617-456-8100
wprince@princelobel.com
dtarlow@princelobel.com
lrubin@princelobel.com
mthompson@princelobel.com

Dated: July 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and copies will be sent by electronic mail to those indicated as non-registered participants and to Plaintiff George Artem (georgeartem1@outlook.com) on July 6, 2021.

                                        */s/ Daniel S. Tarlow*
                                        Daniel S. Tarlow