UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE ARTEM,<br><br>   Plaintiff,<br><br>v.<br><br>NEW ENGLAND LAW \| BOSTON and SCOTT BROWN, in his official capacity as President and Dean,<br><br>   Defendants. | Civil Action No. 1:21-cv-10981-WGY |

### DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE HEARING ON PRELIMINARY INJUNCTION

Defendants New England Law | Boston ("New England Law") and Scott Brown, in his official capacity as President and Dean of New England Law, ("Dean Brown"; together with New England Law, the "Defendants"), through undersigned counsel, hereby oppose Plaintiff George Artem's Motion to Expedite Hearing on Preliminary Injunction (ECF No. 11) insofar as it seeks to shorten Defendants' time to oppose Mr. Artem's Amended Motion for Injunctive Relief (ECF Nos. 9).[1] Given (1) that Mr. Artem's Complaint (ECF No. 1) should be dismissed, (2) the far-reaching implications of the injunctive relief he seeks, and (3) the procedural defects with the Motion itself, Defendants should be allowed the full 14 days permitted under Local Rule 7.1(b)(2), i.e., until and including July 16, 2021, to file their opposition to Mr. Artem's Amended Motion for Injunctive Relief.

As a threshold matter, expedited briefing on Mr. Artem's request for injunctive relief is inappropriate because Mr. Artem's Complaint fails to state a claim. As set forth more fully in

---

[1] Mr. Artem previously filed a Petition for Injunctive Relief. Defendants understand his Amended Motion for Injunctive Relief to supersede his earlier filed Petition.

Defendants' Motion to Dismiss and Memorandum in Support (ECF Nos. 12 and 13), Mr. Artem's Complaint fails to state a colorable claim for breach of contract and, otherwise, fails to state or even reference any viable legal claims. The Complaint should be dismiss, thereby mooting Mr. Artem's other motions.

Moreover, the issues raised by Mr. Artem's request for injunctive relief have broad implications not only for New England Law and its students, faculty, and staff but also for colleges and universities across the Commonwealth of Massachusetts, which have nearly universally adopted policies requiring members of their communities to be vaccinated against COVID-19. Should Mr. Artem's Complaint somehow survive, a decision on his request for injunctive relief (and thus the propriety of requiring student vaccination against COVID-19) would impact any institutions of higher educations throughout the Commonwealth that are requiring such vaccinations. A matter of such importance merits thorough briefing for the Court's benefit, and Defendants should be permitted the full time allowed under the Local Rules to respond.

Finally, the Motion should be denied because it is procedurally defective. Mr. Artem brings his Motion to Expedite "pursuant to Fed. R. Civ. P. 65(b)(3)," but that rule is inapposite. Rule 65 provides for expediting a preliminary injunction hearing "[i]f the [temporary restraining] order is issued without notice." Fed. R. Civ. P. 65(b)(3). Here, Mr. Artem has not sought and the Court has not issued a temporary restraining order. Thus, Fed. R. Civ. P. 65(b)(3) is inapposite.

Rule 65 is inapposite for the additional reason that Mr. Artem has not sought a preliminary injunction. In his Petition for Injunctive Relief (ECF No. 8) and his Amended Motion for Injunctive Relief (ECF No. 9), the only injunctive relief Mr. Artem seeks is a **permanent** injunction. Unlike temporary restraining orders and preliminary injunctions governed by Rule 65, a permanent injunction is relief that is awarded, if at all, at the conclusion of a case. Nor does it

appear that Mr. Artem intended to seek a preliminary injunction and simply mislabeled his request. Both the Petition for Injunctive Relief and the Amended Motion for Injunctive Relief request as relief a declaratory judgment, permanent injunction, and attorneys' fees. ECF No. 8 at 5; ECF No. 9 at 10. All of these are remedies rendered at the conclusion of a case.

    For the foregoing reasons, while Defendants do not oppose the scheduling of a hearing as soon as practical after they have filed their opposition to Mr. Artem's request for injunctive relief, they respectfully submit that expedited briefing is neither necessary nor appropriate under the circumstances. Defendants, therefore, request that the Court allow them until and including July 16, 2021 to oppose Mr. Artem's Amended Motion for Injunctive Relief (ECF No. 9).

Respectfully submitted,

NEW ENGLAND LAW | BOSTON and
SCOTT BROWN, in his official capacity as
President and Dean,

By their attorneys,

    */s/ Michael Thompson*
Walter B. Prince (BBO # 406640)
Daniel S. Tarlow (BBO # 552920)
Laurie F. Rubin (BBO # 564947)
Michael Thompson (BBO # 673497)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
T: 617-456-8000
F: 617-456-8100
wprince@princelobel.com
dtarlow@princelobel.com
lrubin@princelobel.com
mthompson@princelobel.com

Dated: July 7, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants, including *pro se* Plaintiff George Artem, as identified on the NEF (NEF) and copies will be sent by electronic mail to those indicated as non-registered participants on July 7, 2021.

*/s/ Michael Thompson*
Michael Thompson

105728\000028\3846333