UNITED STATES DISTRICT COURT

for the

District of Massachusetts

|  |  |  |  |
|---|---|---|---|
|  | ) | Case | 1:21 -CV-10981-WGY |
| George Artem | ) |  |  |
| *Plaintiff* | ) |  |  |
| **-v-** | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |
| New England Law | Boston, Scott Brown in his official capacity as President and Dean | ) |  |  |
| *Defendant(s)* | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |

# MOTION FOR RECONSIDERATION

### I.  Purpose

To respectfully request the Court to reconsider its order on defendants' motion to dismiss, to compel defendants to discovery or in the alternative to grant the plaintiff leave to amend the complaint as a matter of course or under the U.S. Supreme Court standard of leniency for pro se parties in order to request relief under a theory of promissory estoppel in the alternative to relief based on defendants' breach of an implied covenant of good faith, and their unconscionable and anticipatory repudiation of their agreement with the plaintiff.

**II.      Hearing on Defendants' Motion to Dismiss**

Seeing the Court's contrite and unceremonious order to dismiss, plaintiff is left to wonder the learned Judge's basis for justifying dismissal based on the transcript of the hearing on motion to dismiss. Even so, the hearing transcript (Exhibit 1) illuminates few lozenges. While the Court appears to concede that the conditions that plaintiff claims to be unconscionable are not "within any agreed to aspect of . . . [plaintiff's] relationship with the law school" (p.7, 4-6), based on the apparent failure of the plaintiff to reference any similar breach of contract claim, the Court appears to grant the defendants' motion based on an apparent lack of "plausible ground[s] for relief . . . nothing" (p.9, 12-13). Additionally, it should be pointed out that the transcript shows defendants do not so much as utter a word in support of their motion and the learned Judge hardly appears to act as an impartial arbiter.

Truly, plaintiff is unable to cite a similar contract claim because the fact pattern is unprecedented. Never before has an institution of higher education, no less a law school, made the self-injection of a known poison that is a derivative product of gain-of-function, bioweapons research, a requisite for attendance.

Yet, one thing that the transcript does make clear, is that, the new conditions of attendance at New England Law | Boston as stated in the defendants' "COVID-19 Vaccination Policy" are unconscionable "for the same reasons. . . they're also unlawful" (p.6, 11-15) and although this may be "conclusatory" (p.8, 8) as the Court suggests, it should also be self-evident that the defendants' condition that plaintiff inject himself with a bioweapon derivative poison is a breach of an implied covenant of good faith, and it should be elementary for the Court to enjoin defendants from enforcing these unlawful and unconscionable conditions and to allow plaintiff to move forward with his claims for money damages in the alternative.

**III.     The United States Supreme Court Plausibility Standard**

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009). Additionally, this plausibility should be "context specific, requiring the reviewing court to draw on its experience and common sense" *Id.* at 663. The Court here simply does not appear to be willing to accept the allegations in the complaint and amplifying documents as true. The fact that Sars-CoV-2 is both a product of gain-of-function research and a bioweapon is not implausible. It is a fact.

In fact, only two days after the Court unceremoniously dismissed plaintiff's claims, the first criminal referral with relation to the COVID-19 pandemic was made to the United States Department of Justice. It is also an undisputed fact that the mRNA and Adenovirus Vector injections referred to in the complaint, accomplish at least the same pathogenic results as the COVID-19 bioweapon by instructing the body to produce the unreasonably dangerous S1 "Spike" protein. It should be plainly unreasonable and unconscionable for an institution to require self-injection of this dangerous synthetic biological agent and low-grade bioweapons derivative poison as a condition of attendance. What further basis is needed for stating a claim upon which relief may be granted?

### IV. United States Supreme Court Standard for Pro Se Leniency

The United States Supreme Court holding on the standard by which a Court should consider pro se pleadings is well settled and amply clear. "A document filed *pro se* is 'to be liberally construed,' *Estelle*, 429 U.S., at 106, 97 S.Ct. 285, and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid*. (internal quotation marks omitted)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet, in denying plaintiff leave to amend, the learned Judge appears to side with the defendants' conclusion that the holding in unreported *Solomon v. Khoury* No. CV 16-10176, 2017 WL 598758 (D. Mass. Feb. 13, 2017) should be dispositive of the Court's leniency toward the instant pro se plaintiff. *Solomon* is entirely inoperative because it was exactly the kind of conspiracy allegation that should be rejected under the broader 12(b)(6) standard of review.

Here plaintiff claims no conspiracy. The claims here are not rambling, speculative, ambiguous, or vague, defendants are not confused by the subject matter, and to the contrary, have had adequate notice of

plaintiff's claims weeks in advance of the complaint. Therefore, in addition to acknowledging the plausibility of the claims, and instead of ordering an outright dismissal, the Court should have granted plaintiff leave to amend his complaint seeing that plaintiff is "not yet a lawyer" (p.3-4, 25-1) and should be held to the "less stringent standards than formal pleadings drafted by lawyers" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

### V.   Fed. R. Civ. P. 15(a)(1)(b) Preserves Plaintiff's Right to Amend

The text of Fed. R. Civ. P. 15(a)(1)(b) is plain. It provides that a party may amend its pleading once as a matter of course 21 days after service of a motion under Rule 12(b); and plaintiff's amendment of the complaint would not abridge, enlarge, or modify any substantive right of the parties as codified in 28 U.S. Code § 2072.

Defendants filed their motion to dismiss on July 6th, 2021, and pursuant to Fed. R. Civ. P. 15(a)(1)(b) plaintiff may exercise his right to amend his complaint as a matter of course until July 27th, 2021. Even if its sole error were to ignore the plain pro se leniency standards of the United States Supreme Court, the Court plainly erred in not granting plaintiff leave to amend his complaint as a matter of course.

### VI.   Promissory Estoppel

Despite the fact that a prima facie contract claim is plainly made on the face of the original complaint under Massachusetts substantive law, a claim for relief may also be made under the alternative theory of promissory estoppel, which is perhaps what the learned Judge alluded to when referencing the case this Court permitted to move forward "against Suffolk University on a contract and unjust enrichment type theory" (p.7, 16-17). The plaintiff is left only to wonder.

Nevertheless, in the absence of a well plead breach of contract claim, the promise of an unconditional scholarship clearly falls within the meaning of a promise reasonably inducing action or forbearance as defined in the Restatement (Second) of Contracts § 90 (1981) where "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise. . . and which does

induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise".

In lieu therefore of reversing its order on motion to dismiss, granting plaintiff leave as a matter of course, or as a matter of leniency, the Court should grant the plaintiff leave to amend in order to amend the written factual allegations and include a prayer for relief under Restatement (Second) of Contracts § 90.

**VI.     Conclusion**

For the foregoing reasons, the Court should reconsider its order on defendants' motion to dismiss, deny defendants' motion, and compel the parties to joint discovery or to grant leave for the plaintiff to amend his complaint in the alternative.

**VII.    Certification**

I certify, pursuant to L.R. 7.1, that I have in good faith conferred and attempted to narrow the issues pertaining to this motion for reconsideration with defendants' counsel.

Respectfully Submitted,

July 23rd, 2021

//S//

George Artem

Pro Se
38 Grove Street #B
Boston, MA 02114
206.953.6231
georgeartem1@outlook.com

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of July 2021, service was made of a copy of the foregoing document and exhibits by e-mail on defendants' counsel Walter B. Prince (wprince@princelobel.com), Daniel S. Tarlow (dtarlow@princelobel.com), Laurie F. Rubin (lrubin@princelobel.com) and Michael Thompson (mthompson@princelobel.com) at PRINCE LOBEL TYE LLP One International Place, Suite 3700 Boston, Massachusetts 02110.

July 23rd, 2021

//S//

George Artem

Pro Se
38 Grove Street #B
Boston, MA 02114
206.953.6231
georgeartem1@outlook.com