```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


   GEORGE ARTEM,                         )
                       Plaintiff         )
                                         )
   vs.                                   )  No. 1:21-CV-10981-WGY
                                         )
   NEW ENGLAND LAW | BOSTON, and         )
   SCOTT BROWN,                          )
                       Defendants.       )
                                         )
                                         )
                                         )




              BEFORE THE HONORABLE WILLIAM G. YOUNG
                 UNITED STATES DISTRICT JUDGE
                           HEARING




         John Joseph Moakley United States Courthouse
                      One Courthouse Way
                 Boston, Massachusetts 02210


                         July 19, 2021
                          10:59 a.m.




                 Kristin M. Kelley, RPR, CRR
                    Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
                  Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com

          Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:
 2
 3        George Artem
 4        38 Grove Street, #B
 5        Boston, MA 02114
 6        206-953-6231
 7        Email: Georgeartem1@outlook.com
 8        PRO SE.
 9
10
11        Laurie F. Rubin
12        Daniel S. Tarlow
13        Michael Thompson
14        Prince Lobel Tye LLP
15        One International Place
16        Suite 3700
17        Boston, MA 02114
18        617-456-8020
19        Email: Lrubin@princelobel.com
20        for Defendant.
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Now hearing Civil Matter 21-10981, Artem
 3  versus New England Law, et al.
 4           THE COURT:  Good morning.  This is a meeting held on
 5  our Zoom platform.  Our host for the hearing is courtroom
 6  Deputy Clerk Jennifer Gaudet.  One of our official court
 7  reporters is taking down these proceedings.  I have a law clerk
 8  on the line.  They are open to the public.  If any members of
 9  the public are present, they are welcome.
10           I do need to remind any members of the public that are
11  online that you must keep your microphone muted.  The rules of
12  Court remain in full force and effect and there is no
13  rebroadcasting, streaming or other transcription of these
14  proceedings.
15           With that said, this is the defendant's motion to
16  dismiss.
17           Mr. Artem, if you would introduce yourself so I can
18  see you here.
19           MR. ARTEM:  Good morning, your Honor.  I am here.
20           THE COURT:  Thank you and welcome.  And representing
21  the school?
22           MS. RUBIN:  Laurie Rubin from Prince Lobel with my
23  colleagues Dan Tarlow and Michael Thompson.
24           THE COURT:  Good morning to you.
25           Mr. Artem, a couple of questions for you.  You're not
```

```
 1   yet a lawyer.  Don't think this is disrespectful.  You have
 2   every right to represent yourself, but my practice when someone
 3   represents themselves is always to ask you if you intend to get
 4   an attorney.  Now, you understand that I am perfectly happy to
 5   have you represent yourself and to entertain your argument, but
 6   I'm not your attorney and I must hold you to an appropriate
 7   standard of pleading.  So I ask if you want an attorney and are
 8   going to get one.  If you are, I'll give 30 days for the
 9   attorney to appear, make any motions or corrections in the
10   complaint that the attorney made or make none.  Then I'll
11   decide the matter.
12           So let me ask you if you want to proceed yourself, as
13   is your right, or do you want to try and get an attorney here.
14           MR. ARTEM:  Well, your Honor, thank you for that.  I
15   believe for the hearing today that there is enough for me to
16   proceed with my own argument.  I have been in consultation with
17   attorneys, and we decided that would be the best path forward
18   for today simply because I'm the one most familiar with the
19   argument and having someone appear at the 11th hour would be a
20   disservice.
21           THE COURT:  It's your right to appear and that's fine.
22   Let me ask a couple of questions here.  What year are you in of
23   the law school?
24           MR. ARTEM:  So, technically, I'm still in my first
25   year of law school, but it is because I'm in the evening
```

|          |    |                                                                                         |
|----------|----|-----------------------------------------------------------------------------------------|
|          | 1  | program.  It takes a while to get out of your first year, so                            |
|          | 2  | technically I'm between the summer in between my 1L year and 2L                         |
|          | 3  | year.                                                                                   |
|          | 4  | THE COURT:  Thank you.  That makes good sense.  How                                     |
|          | 5  | long will the program run for someone who takes evening                                 |
|          | 6  | courses?                                                                                |
|          | 7  | MR. ARTEM:  Four years.  So I'm class of 2024.                                          |
|          | 8  | THE COURT:  I see.  Where are you living while you are                                  |
|          | 9  | pursuing your legal studies?                                                            |
| 11:03    | 10 | MR. ARTEM:  I'm here in Beacon Hill.                                                    |
|          | 11 | THE COURT:  You have a day job, do you?                                                 |
|          | 12 | MR. ARTEM:  Yes, your Honor.  During the day I                                          |
|          | 13 | contract with the Commonwealth of Massachusetts.  I work for                            |
|          | 14 | the Executive Office of Health and Human Services.  I'd like to                         |
|          | 15 | caveat that whatever I say today is my own opinion and does not                         |
|          | 16 | reflect the views of the Department of Health and Human                                 |
|          | 17 | Services.                                                                               |
|          | 18 | THE COURT:  Thank you for that.  I fully appreciate                                     |
|          | 19 | that.  And that's very well said.                                                       |
| 11:04    | 20 | THE COURT:  Do you vote here?                                                           |
|          | 21 | MR. ARTEM:  I'm a resident of the state of Washington,                                  |
|          | 22 | and I'm here for law school.                                                            |
|          | 23 | THE COURT:  There is a question here about the                                          |
|          | 24 | diversity jurisdiction of the court.  All right.                                        |
|          | 25 | Well, I carefully reviewed the papers here.  Let me                                     |

```
 1   tell you what I think.  Then I'm going to let you argue, though
 2   it's their motion.  I'm looking at the question here.  I don't
 3   think you've raised a federal question.  There's some real
 4   question I have about whether this requirement is sufficiently
 5   pled as a contract case, but I'll hear you.
 6             MR. ARTEM:  Yes, your Honor.  Thank you.
 7             In formulating this complaint, one of the first things
 8   that I attempted to answer was this question of jurisdiction.
 9   In taking a step back and reviewing the complaint, one of the
10   things that I've realized is, as in a game of chess, I've
11   attempted to move two pieces at once.  So the anchor of the
12   claim here really is a contract claim for the same reasons that
13   the breach here is really an unconscionable repudiation.  So
14   for the same reasons why the new conditions of our agreement
15   are unconscionable, they're also unlawful.
16             So the preemption claim is really rooted in a breach
17   of contract.  I'd be happy to go through the elements of the
18   breach of contract claim if you'd like, but I think to answer
19   the jurisdictional question, the reality here is that it's a
20   breach of contract claim under diversity.
21             THE COURT:  Well, have you articulated a contract
22   claim upon which the Court could grant relief?
23             MR. ARTEM:  Yes, your Honor.  So for the Erie
24   doctrine, there are five elements to satisfy a breach of
25   contract claim that I believe are --
```

         1          THE COURT:  It's not under the Erie doctrine.  If
         2   we're under the Erie doctrine, it's the law of Massachusetts.
         3   One of the elements, the one on which I think you've stumbled
         4   here, is that this falls within any agreed to aspect of your
         5   relationship with the law school.  This doesn't seem to be what
         6   you contracted for.  I just don't see how they breached any
         7   contract here by their requirements.
         8          MR. ARTEM:  So the original agreement, your Honor, was
         9   the unconditional, quote unquote, no strings attached
 11:08  10   scholarship.
        11          THE COURT:  Well, so you say.  You formulate it that
        12   way.  What's your best case here?  Has any court so held that
        13   there is, on the basis of the school handbook and the like, a
        14   contract claim such as this?  I've had occasion to write on
        15   these type of claims, if you've looked at this Court's
        16   jurisprudence.  I'm letting a case go forward against Suffolk
        17   University on a contract and unjust enrichment type theory, but
        18   that's vastly different than this.  I just don't see the
        19   contract here.  I just don't see how this public health
 11:08  20   requirement somehow is a breach of some contract.
        21          MR. ARTEM:  Well, your Honor, would you concede that a
        22   contract does exist?
        23          THE COURT:  I think you have a relationship with the
        24   school.
        25          MR. ARTEM:  Right.  So Massachusetts law requires, as

1    far as I understand, requires only an agreement, which is a
2    meeting of the minds.  I believe it's clear that there is both
3    an offer and acceptance and clearly that there is
4    consideration, seeing that I have moved across the country, and
5    there is a course of performance here, your Honor, that,
6    frankly, the defendants show a pattern of repudiation --
7             THE COURT:  Respectfully, Mr. Artem, that's
8    conclusatory.  You say that.  You say that the deal was this no
9    strings attached scholarship.
11:10 10          Let me just try it in a practical matter.  I'm sure in
11   a first year of law school your professors do this in a more
12   scholarly case.  Have you uncovered any case in any
13   jurisdiction where the requirement that the school has a public
14   health requirement that the school seeks to impose, which many
15   schools in the Boston area are imposing -- that isn't
16   determinative in the matter.  I understand that.  But have you
17   found any court to have declared that that violates some
18   contract?  Any court?
19            MR. ARTEM:  Well, your Honor, the alternative would be
11:10 20  to look at the Title IX cases and to look --
21            THE COURT:  This is not Title IX because there's no
22   gender aspects here.  There's nothing.  Title IX addresses a
23   different problem.  You said yourself, and I agree with you,
24   that, at bottom, this is a supposed contract case.  I just
25   don't see that the contract covers this, if a contract there

```
 1  is.
 2           All right.  I think I have no choice but to dismiss
 3  it.  I'm going to dismiss it with prejudice because --
 4           MR. ARTEM:  Your Honor, if I may, before you do that,
 5  I respectfully would like to request a ruling on my motion to
 6  strike the footnotes from the defendant's motion.
 7  Additionally, I'd like to preserve my right under 15(a)(1)(B)to
 8  amend the complaint, as a matter of course.
 9           THE COURT:  But amendment -- I'll take the second
10  first.
11           The amendment, in these circumstances there is no
12  plausible ground for relief, none that you've suggested you'd
13  like to amend to, nothing.  So it's dismissed with prejudice.
14  You have the right to appeal from any findings or rulings the
15  Court has made against you.
16           The motion to strike footnotes is denied.  That's the
17  ruling of the Court.
18           We'll recess.
19           (Whereupon, the proceedings adjourned at 11:13 a.m.)
20
21
22
23
24
25
```

(11:12 at line 10)

```
 1                     C E R T I F I C A T E

 2

 3

 4   UNITED STATES DISTRICT COURT )

 5   DISTRICT OF MASSACHUSETTS    )

 6

 7

 8           I, Kristin M. Kelley, certify that the foregoing is a

 9   correct transcript from the record of proceedings taken

10   July 19, 2021 in the above-entitled matter to the best of my

11   skill and ability.

12

13

14       /s/ Kristin M. Kelley                     July 20, 2021

15       Kristin M. Kelley, RPR, CRR               Date
         Official Court Reporter
16

17

18

19

20

21

22

23

24

25
```